UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| MANUEL VILLARINI, | |
|---|---|
| *Petitioner*, | Civil No. 3:16cv1071 (JBA) |
| v. | |
| UNITED STATES OF AMERICA, | |
| *Respondent*. | June 27, 2019 |

## RULING DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Petitioner Manuel Villarini moves pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his current sentence of imprisonment. (Habeas Motion [Doc. # 1].) For the reasons that follow, Petitioner's Motion is denied.

### I. Background

In September 2005, Petitioner was indicted on charges of conspiracy with intent to distribute and to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. (*Id.* at 2.; *see* Superseding Indictment, *United States of America v. Manuel Villarini*, No. 3:05-cr-195-JBA-25 (D. Conn. Sep. 7, 2005), ECF No. 217.) After entering into a plea agreement with the Government, Petitioner pled guilty to that charge on May 12, 2006. (Habeas Motion at 2; Plea Agreement, *United States of America v. Manuel Villarini*, No. 3:05-cr-195, (D. Conn. May 12, 2006), ECF Nos. 666-67.) That plea agreement noted that it "appears . . . that the defendant is a career offender under § 4B1.1 based on his 1991 conviction for sale of narcotics and his 1989 conviction for third degree robbery," but Petitioner "expressly reserve[d] his right to challenge any finding that he is a career offender und § 4B1.1." (Plea Agreement at 4.)

On February 7, 2007, Petitioner was sentenced to a term of imprisonment of 168 months, followed by four years of supervised release. (Judgment, *United States of America v. Manuel*

*Villarini*, No. 3:05-cr-195, (D. Conn. May 12, 2006), ECF No. 1019.) The sentencing court (Hon. Mark R. Kravitz) found that Petitioner "was a Career Offender because of prior convictions for robbery and sale of narcotics," which would have produced a guidelines range of 188 to 235 months. (*Id.*) That court "departed one category horizontally [from Category VI to Category V] because the Career Offender designation substantially over-represented the seriousness of Defendant's criminal history," producing a guidelines range of 168 to 210 months. (*Id.*)

Because Petitioner has previously sought relief from his sentence under 28 U.S.C. § 2255, he sought leave from the Second Circuit Court of Appeals to file this petition. In granting Petitioner's motion for leave to file a successive 28 U.S.C. § 2255 petition, the Second Circuit directed this Court to "stay the present proceeding pending a decision in *Beckles v. United States*" in recognition that the opinion in that case would likely address the issues raised by Petitioner's motion. (Mandate [Doc. # 6].) The Supreme Court has since issued its ruling in that case, holding that the residual clause of the Sentencing Guidelines' career offender enhancement is not subject to a vagueness challenge under the Due Process Clause.

Petitioner argues that under *Johnson v. United States*, 135 S. Ct. 2551 (2015), he is not a career offender and should be resentenced accordingly. The Government views *Beckles* as dooming Petitioner's motion. (Gov't Opp. [Doc. # 17]).

**II. Discussion**

In *Johnson*, the Supreme Court found that the "residual clause" of the Armed Career Criminal Act (ACCA)—which included any felony which "otherwise involves conduct that presents a serious potential risk of physical injury to another" among those upon which the ACCA imposes an increased prison term—violated the Fifth Amendment's "prohibition of vagueness in

criminal statutes." 135 S. Ct. at 2556-57. That decision "has retroactive effect in cases on collateral review." *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

At the time of Petitioner's sentencing, the definition of "crime of violence" for purposes of the Sentencing Guidelines' career offender enhancement included language identical to the residual clause of the ACCA. U.S.S.G. § 4B1.2(a) (2006 version) (defining "crime of violence" to include any offense punishable by imprisonment for a term exceeding one year which "otherwise involves conduct that presents a serious potential risk of physical injury to another").

Petitioner argues that like the ACCA clause invalidated in *Johnson*, the identical Guidelines clause is also "void for vagueness." (Habeas Motion at 3.) He argues that "[t]hus, the only remaining question here is whether Petitioner's prior robbery conviction qualifies as a 'crime of violence' under the 'enumerated offenses' clause or 'elements' clause of the career offender provision." (*Id.*) *See* U.S.S.G. § 4B1.2(a) (2006 version). Petitioner reasons that because his prior robbery conviction does not qualify as a crime of violence under either of those alternative definitions, he is not a career offender and is entitled to resentencing without application of a career offender enhancement. (Habeas Motion at 3-4.)

The Government responds that under *Beckles v. United States*, 137 S. Ct. 886 (2017), the career offender guideline is not subject to a *Johnson*-style vagueness challenge and that therefore Petitioner's status as a career offender remains valid. In *Beckles*, the Supreme Court considered an argument identical to that of Petitioner: that "the advisory Sentencing Guidelines['] . . . residual clause defining a 'crime of violence' as an offense that 'involves conduct that presents a serious potential risk of physical injury to another'" is "also void for vagueness" following the *Johnson* decision. 137 S. Ct. at 890. The Supreme Court "reject[ed]" that argument and held that "the

3

advisory Guidelines[1] are not subject to vagueness challenges under the Due Process Clause," concluding that the "residual clause in § 4B1.2(a)(2) therefore is not void for vagueness." *Id.* at 890, 892. Because *Beckles* makes clear that the residual clause of the Guidelines' career offender definition is not void under *Johnson*, Petitioner's argument to the contrary is unavailing.

### III. Conclusion

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence [Doc. # 1] is DENIED.

IT IS SO ORDERED.

/s/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 27th day of June 2019.

---

[1] Petitioner was sentenced in February 2007, following the decision in *United States v. Booker*, 125 S. Ct. 738 (2005), which rendered the Sentencing Guidelines advisory, not mandatory.

4